**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**THOMAS EARL TEMPLE**                                        **CIVIL ACTION**

**VERSUS**                                                              **NUMBER: 12-1427**

**SHERIFF MARLIN GUSMAN**                              **SECTION: "F"(5)**


## REPORT AND RECOMMENDATION


This 42 U.S.C. §1983 proceeding was filed <u>in</u> <u>forma</u> <u>pauperis</u>
("IFP") by <u>pro</u> <u>se</u> plaintiff, Thomas Earl Temple, against defendant,
Sheriff Marlin Gusman. (Rec. doc. 1, p. 1). Plaintiff, an inmate
of the Orleans Parish Prison at the time that suit was filed,
complained of an unsanitary sewerage system at that facility. (<u>Id</u>.
at p. 5).

After issue was joined, by order dated July 24, 2012
("Briefing Order"), plaintiff was directed to file in the record of
this proceeding, on or before August 23, 2012, a statement of the
facts expected to be proven at trial, a list of documents to be
offered as exhibits, and a list of intended witnesses. (Rec. doc.

7). When plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before October 23, 2012, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 9). The copy of the Briefing Order that was mailed to plaintiff at his address of record has not been returned as undeliverable. However, the copy of the Rule to Show Cause that was mailed to plaintiff at his address of record was subsequently returned to the Court as undeliverable with a notation that he had "ROLL[ED] OUT." (Rec. doc. 10). As of today's date, plaintiff has not responded to the Rule to Show Cause, nor has he provided the Court with the information required by the Briefing Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkman v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987); <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's

orders.  <u>Markwall v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir.

1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986).

As plaintiff is proceeding <u>pro</u> <u>se</u> in this matter, the Court must

consider his action/inaction alone in considering dismissal of this

case under Rule 41(b).

The Court has endeavored to take those steps that were

necessary to place plaintiff's case in a proper posture to be

litigated to its completion.  Unfortunately, those efforts have

been hampered by the inaction of plaintiff in responding to the

Court's Briefing Order and the Rule to Show Cause.[1]  As plaintiff

is not represented by counsel in this case, these failures are

attributable to him alone.  Accordingly, it will be recommended

that plaintiff's lawsuit be dismissed with prejudice under Rule

41(b), Fed.R.Civ.P.

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that plaintiff's

suit be dismissed with prejudice pursuant to Rule 41(b),

Fed.R.Civ.P.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate

---

[1] Assuming that plaintiff fails to provide the Court with a
current mailing address by December 6, 2012, that failure will
provide another basis for the dismissal of this lawsuit under
Local Rule 41.3.1.

judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 16th day of November, 2012.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE